## No. 187
## STRAUB v. HILKER et
Ohio Appeals, 1st Dist., Butler Co.
No. 354. Decided Jan. 3, 1927

1175. TITLE—Where neither the County or the State comply with the statutes in regards to advertising in the sale of property become delinquent for non-payment of taxes and penalties, a conveyance of such property is of no effect and the purchaser did not acquire a legal title, but he is entitled to receive back the taxes paid by him.

First Publication of this Opinion

CUSHING, J.

Thad Straub brought an action against Susan Hilker, et al., claiming to be the owner of certain lots located in the city of Hamilton; and asked that his title to said lots be quieted as against the defendants. Defendants admitted Straub's possession of the property and pleaded the proceedings under which he paid taxes and obtained title of the property from the county auditor, were illegal, in that said premises were not advertised according to law and that said proceedings were therefore null and void.

Hilker et., admits that Straub is entitled to receive back the money so paid, with interest, and which they offer to pay, and pray that title be quieted in them. Plaintiff denied the allegations of the answer, by reply and stated he has been in full possession, continuously and adversely. since Oct. 3, 1908. The Court of Appeals held:

1. The deed given to Straub by the Auditor of Butler County in 1908 stated that the property became and was delinquent for the non-payment of taxes and penalties for the year 1906 and simple taxes for 1907 and had been then and prior thereto legally advertised; and not being sold for want of bidders, was forfeited to the State; that the premises, on Apr. 13, 1908 were legally advertised for sale, and were sold to Straub for $717.16, taxes and penalties.

2. At the trial it was established that the property was duly advertised in 1904 and there was some advertisement in 1906, but none, as required by law, in 1908.

3. Section 2868, Revised Statutes, provides that where the county auditor shall have omitted to publish the delinquent list in his county according to law, it shall be his duty in case the taxes and penalties on any such lands shall not have been paid before the 10th day of August next succeeding, and if the taxes are not paid, he shall certify and publish the same as a part of the delinquent list.

4. All taxes are statutory; and the method of collection and the enforcement of the collection, being a part of the statute, they must be followed.

5. In this case, the necessary steps were not taken either by the state or the county, and therefore Straub did not acquire a legal title to the premises.

6. Title may be quieted in the name of Susan Hilker et al, and Thad Straub is entitled to the amount of the taxes paid by him with interest.

Decree accordingly.
(Buchwalter, PJ., and Hamilton, J., concur.)
Attorneys—Warren Gard for Straub; E. E. Belden and Clinton Egbert for Hilker et; all of Hamilton.